# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

KIMBERLY POPLIN )
on behalf of K.R.P., )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-13-003-KEW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

## OPINION AND ORDER

Plaintiff Kimberly Poplin ("Plaintiff"), on behalf of the minor child, K.R.P. ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or mental impairment or combination of impairments that causes marked

and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute

---

[1] At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on August 11, 2003 and was 6 years old when she filed for disability benefits and 8 years old on the date the ALJ issued his decision. Claimant is alleged to have become disabled on June 11, 2003 due to a deformed right hand, abnormal right arm and shoulder, anger, anxiety, ADHD, and depression.

**Procedural History**

On November 20, 2009, Claimant, through her representative, protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*). Claimant's application for benefits was denied in its entirety initially and on reconsideration. On February 18, 2011, a hearing before ALJ David W. Engel was held in Tulsa, Oklahoma. By decision dated August 19, 2011, the ALJ issued an unfavorable decision. On October 31, 2012, the Appeals Council denied review of the ALJ's

findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step three of the sequential evaluation. He determined that Claimant's condition did not meet a listing and she had not been under a disability.

**Review**

Plaintiff asserts the ALJ committed error in: (1) failing to perform a proper credibility determination; (2) failing to make a proper step two determination; (3) failing to properly evaluate whether Claimant functionally met a listing or equals a listing; and (4) failing to properly consider Claimant as meeting or equaling Listing § 101.07.

**Credibility Analysis**

In his decision, the ALJ found Claimant suffered from the severe impairments of syndactyly of the right hand and hypoplasia of the right thumb with three subsequent reconstructive surgeries. (Tr. 14). He found Claimant, however, did not have an impairment or combination of impairments the meets or equals a listing or that functionally equals the severity of the listings. (Tr. 15). The ALJ, therefore, concluded Claimant was not disabled. (Tr. 24).

4

Claimant contends the ALJ improperly analyzed the credibility of the testimony of both Plaintiff and Claimant by not providing sufficient supporting facts to contradict their testimony. After reciting various testimony from both Plaintiff and Claimant, the ALJ concluded that

> claimant's medically determinable impairments could reasonably be expected to produce he alleged symptoms; however, the statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with finding that the claimant does not have an impairment or combination of impairment that functionally equals the listings . . . .

(Tr. 17).

The ALJ recited Plaintiff's testimony and various inconsistencies in the objective medical record he found in the testimony. For instance, Plaintiff testified as to Claimant's "emotional problems," stating she intended to take Claimant to therapy. Claimant had received no treatment for this condition at the time of the hearing. After the hearing, the ALJ indicates Claimant was taken to Dr. Stephen Greer for an evaluation and found to have some anxiety and "possible" ADHD. When she returned, her anxiety was found to be improved and a definitive diagnosis of ADHD was not made because teacher assessments had not been returned. (Tr. 15). Dr. Greer then concluded that "[d]ue to her academic improvement and coping, will wait until after summer to see how she

5

does in school next year." (Tr. 317). The ALJ concluded Claimant's anxiety was mild or non-existent and would have only a minimal effect upon her ability to engage in age-appropriate activities. (Tr. 15).

Claimant testified that she made good grades and went out with other children at recess. Plaintiff testified Claimant played video games, rode the bus to school, cleaned her room, and did her homework. Plaintiff, however, testified that Claimant gets picked on in school and is worried she may have emotional problems. She believed Claimant was beginning not to care about things and does not want to bathe or wash her hair. She testified Claimant cannot write with her right hand and keyboarding is difficult. Plaintiff stated Claimant will not drink milk or water because she does not want her hand to get bigger and be required to have another surgery. Plaintiff stated Claimant was beginning to lash out and throw tantrums. (Tr. 17, 70-72).

The ALJ then pointed out further inconsistencies in Plaintiff's testimony. Plaintiff stated Claimant was born right handed but also stated she was left handed. (Tr. 198, 277). Medical professionals have stated Claimant is left hand dominant. (Tr. 279). Plaintiff also testified that Claimant would have more surgery when her bones grew. (Tr. 68). Her physician, however, indicated Claimant is not a candidate for further surgery. (Tr.

6

17, 279-80).

"If the child claimant is unable to adequately describe his symptoms, the ALJ must accept the testimony of the person most familiar with the child's condition. 20 C.F.R. § 416.928(a). In such a case, the ALJ must make specific findings concerning the credibility of the parent's testimony, just as he would if the child were testifying. *Cf*. Williams v. Bowen, 859 F.2d 255, 260–61 (2d Cir. 1988)("The failure to make credibility findings regarding the [mother's] critical testimony fatally undermines the Secretary's argument that there is substantial evidence adequate to support his conclusion that claimant is not under a disability."). Briggs ex rel. Briggs v. Massanari, 248 F.3d 1235, 1239 (10th Cir. 2001). The ALJ is required to make this credibility determination even when a significant portion of the record supports the testimony. Id. The ALJ in this case determined inconsistencies existed in the mother's testimony such that it was not entirely credible. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. The ALJ fulfilled his duty to assess

7

Plaintiff's and Claimant's credibility against the backdrop of the objective medical record. No error is found in the assessment.

## Step Two Analysis

Plaintiff challenges the ALJ's characterization of Claimant's anxiety and ADHD. Because the ALJ did find that Claimant had severe impairments, any failure to find Claimant's additional impairments severe at step two is considered harmless error because the ALJ would nevertheless be required to consider the effects of these impairments and account for them. See, e.g., Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ must 'consider the combined effect of all of [Claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]. Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence.'"), quoting Langley v. Barnhart, 373 F.3d 1116, 1123-24 (10th Cir. 2004) and 20 C.F.R. § 404.1523. See also Hill v. Astrue, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("Once the ALJ finds that the claimant has any severe impairment, he has satisfied the analysis for purposes of step two. His failure to find that additional alleged impairments are also severe is not

in itself cause for reversal. But this does not mean the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.' ") [emphasis in original] [citations omitted].

The question is whether the ALJ took all medically determinable impairments into account in proceeding to step three. As far as finding the conditions as severe impairments, Claimant's anxiety was improved and her possible but undiagnosed ADHD was left pending. In any event, neither condition required medication or other treatment. (Tr. 315). Plaintiff states the ALJ erred by not acknowledging the Childhood Depression Inventory completed by Claimant. (Tr. 321-24). It is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). The ALJ instead chose to discuss the diagnoses of the medical professional stemming from the completion of the Inventory. This Court finds no error in the ALJ's failure to include anxiety or ADHD as severe impairments at step two.

**Evaluation for a Listing**

Plaintiff contends the ALJ should have found Claimant to have

9

a marked limitation in two of the six domains to demonstrate she functionally meets a listing.  In order to determine whether a claimant meets a listing under step 3, the ALJ must consider whether the claimant has either two marked or one extreme limitation of function in six broad domains of function. 20 C.F.R. § 416.926a(a); Briggs ex rel. Briggs v. Massanari, 248 F.3d 1235, 1237 n.1 (10th Cir. 2001).  Claimant bears the burden of demonstrating these marked limitations.  20 C.F.R. § 404.926a.

In the third domain, entitled *Interacting and Relating with Others*, the ALJ considers how well the child initiates and sustains emotional connections with others, develops and uses language, cooperates with others, responds to criticism, and respects and takes care of the possessions of others.  20 C.F.R. § 416.926a(i). A school age child should have the ability to develop lasting friendships with children their age, begin to understand how to work in groups, understand another's point of view, tolerate differences, and talk to people of all ages.  20 C.F.R. § 416.926a(i)(2)(iv).

In the Function Report completed by her, Plaintiff stated Claimant has friends of her own age, can make new friends, generally gets along with her and other adults, generally gets along with school teachers, and plays team sports.  (Tr. 196). Claimant's teacher also completed an assessment.  She found

Claimant had no problems in interacting and relating with others. (Tr. 288). This opinion may be considered in assessing this domain. 20 C.F.R. § 416.926a(b)(3).

Additionally, Dr. David Bissell completed a Childhood Disability Evaluation Form on Claimant dated January 19, 2010. He found no limitation in the area of interacting and relating with others. (Tr. 297). It was appropriate for the ALJ to consider this opinion in assessing this domain. 20 C.F.R. § 416.1527(f)(2). This Court concludes the ALJ did not err in finding a lack of evidence supporting a marked limitation in this domain.

Plaintiff also challenges the ALJ's findings in the fourth domain, designated as *Moving About and Manipulating Objects*. The ALJ is required to consider the child's gross and fine motor skills. 20 C.F.R. § 416.926a(j). A school age child should have the gross motor skills to enjoy a variety of physical activities, such as running and jumping, and throwing, kicking, catching, and hitting balls in informal play or organized sports; their fine motor skill should allow them to do such things as use kitchen and household tools independently, use scissors, and write. 20 C.F.R. § 416.926a(j)(2)(iv).

In the Function Report, Plaintiff stated Claimant could throw a ball, use scissors, work video game controls, and dress or undress dolls with her left hand. (Tr. 195). Claimant testified

11

that she played a Nintendo DS handheld gaming system and was observed in the waiting area prior to her hearing playing the device with both hands. (Tr. 22).

Claimant's teacher also completed an assessment form on December 14, 2009. The first grade teacher stated Claimant had no problems in moving about and manipulating objects, identifying seven areas where no problem was noted. (Tr. 289).

Additionally, Dr. Ghazi M. Rayan found Claimant to be left hand dominant. However, he also found Claimant could use her right hand to assist. (Tr. 279). Dr. Bessell also found no limitation in this domain. (Tr. 298). Based upon this evidence and the ALJ's recognition of it, this Court finds no error in the step three denial that Claimant functionally meets or equals a listing.

## Listing § 101.07

Plaintiff also asserts Claimant meets Listing § 101.07. This Listing requires

> Fracture of an upper extremity with nonunion of a fracture of the shaft of the humerus, radius, or ulna, under continuing surgical management, as defined in 101.00M, directed toward restoration of functional use of the extremity, and such function was not restored or expected to be restored within 12 months of onset.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 101.07.

Plaintiff contends Claimant's third surgery on her right hand included an osteotomy, or fracture of the bone to rebuild the

12

thumb. However, no evidence exists of the complete requirements of this Listing that there be a "nonunion of a fracture of the shaft of the humerus, radius, or ulna, under continuing surgical management." Indeed, Dr. Rayan concluded Claimant was "not a really good candidate" for a surgical procedure to lengthen her fingers. (Tr. 279-80). The ALJ did not err in failing to find Claimant met this Listing.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

DATED this 24th day of March, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE